IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARCH INSURANCE COMPANY,

                    Plaintiff,

v.

ERDMAN COMPANY, ERDMAN
ARCHITECTURE & ENGINEERING
COMPANY, PHOENIX LAND &
ACQUISITION, LLC, PHOENIX HEALTH,
LLC, IPF, LLC, and CATLIN SPECIALTY
INSURANCE COMPANY,

                    Defendants.

OPINION AND ORDER

12-cv-674-wmc

---

In this civil action premised on this court's diversity jurisdiction, plaintiff Arch Insurance Company seeks a declaratory judgment on its duty to indemnify and cover certain claims brought by some of the defendants against its insureds defendants Erdman Company and Erdman Architecture & Engineering Company. Because the allegations in the complaint are insufficient to determine whether diversity jurisdiction actually exists, plaintiff will be given an opportunity to file an amended complaint containing the necessary allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be

1

dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, Arch Insurance contends that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Compl. (dkt. #1) ¶ 6.) But for the latter to be true there must be complete diversity, meaning plaintiff cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. Since "the citizenship of an LLC is the citizenship of each of its members," Arch Insurance has not alleged sufficient information to determine whether complete diversity exists here as to the three LLC defendants. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

Instead, Arch Insurance alleges defendant "Phoenix Land & Acquisition, LLC and Phoenix Health, LLC (collectively, 'Phoenix') are foreign limited liability companies, organized and existing under the laws of the State of Arkansas, with their principal place of business located in Fort Smith, Arkansas." (Compl. (dkt. #1) ¶ 3.) As for defendant IPF, LLC, Arch Insurance alleges that it is "a foreign limited liability company, organized and existing under the laws of the State of Arkansas, with its principal place of business located in Fort Smith, Arkansas." (*Id.* at ¶ 4.) The Seventh Circuit had advised repeatedly that this information is wholly irrelevant in deciding the citizenship of a

limited liability company. *See, e.g., Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, Arch Insurance will be given leave to file within 14 days an amended complaint establishing subject matter jurisdiction by alleging the names and citizenship of each member of Phoenix Land & Acquisition, LLC, Phoenix Health, LLC, and IFP, LLC. In alleging each LLC's citizenship, plaintiff should keep in mind that if the member or members of LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

## ORDER

IT IS ORDERED that:

1) plaintiff Arch Insurance Company shall have until October 5, 2012, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal for lack of subject matter jurisdiction.

Entered this 21st day of September, 2012.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge

3